## MATTER OF DIAL AUTO REPAIR SHOP, INC.

### In Visa Petition Proceedings

### A-27468457

*Decided by Commissioner October 23, 1986*

(1) In a third- or sixth-preference visa petition involving an individual labor certification, successorship in interest will be recognized only where the Department of Labor has formally acknowledged the continuing validity of the certification for the employment proposed by the successor entity.

(2) Where a successorship in interest is recognized, the petitioner bears the burden of proof to establish eligibility in all respects as of the date the application for labor certification as originally accepted for processing by the Department of Labor.

ON BEHALF OF PETITIONER: Martin L. Rothstein, Esquire
Barst & Mukamal
2 Park Avenue
New York, New York 10016

The petition was denied by the district director, New York, New York, and is now before the Commissioner on appeal. The appeal will be dismissed.

The petitioner in this matter is an auto repair shop which has offered the beneficiary a permanent position as an automotive technician. On May 17, 1983, the beneficiary's former employer, Elvira Auto Body Repair Shop, filed an Application for Alien Employment Certification (Form ETA 750) with the Department of Labor, wherein a labor certification was sought on behalf of the beneficiary. Prior to the issuance of the certification, Elvira Auto Body was dissolved and ceased doing business. A labor certification was subsequently issued on April 25, 1984; the petitioner's business was founded at the same location in May 1984; a name change was approved by the certifying officer on September 10, 1984; and the above petition was submitted on April 17, 1985, along with the job offer and labor certification issued to Elvira Auto Body.

The district director determined that the petitioner appears to have had the financial ability to pay the beneficiary the wage offered in the job since being founded in 1984; however, no evidence was submitted to establish that Elvira Auto Body could have paid

the wage on May 17, 1983, the date the visa petition was filed according to *Matter of Great Wall*, 16 I&N Dec. 142 (Acting R.C. 1977). The district director found that if he were to approve the visa petition, such approval would have the effect of granting the beneficiary a priority date to which the evidence of record does not show him to have been entitled. Consequently, it was concluded that the petitioner has failed to establish it had the ability to pay the proffered wage at the time the visa petition was filed.

Counsel argues that the petitioner has no access to the financial records of Elvira Auto Body and that it is unreasonable to expect Dial Auto Repair to obtain documents which are beyond its reach. (Elvira's former officers are said to have left the New York metropolitan area.) Counsel maintains that what is at issue is whether the petitioner has been able to pay the proffered wage, not whether Elvira Auto Body could have.

The Department of Labor has been consulted in this matter. We have been informed that the certifying officer determined the job opportunity offered by Dial Auto Repair to be the same as the job opportunity offered by Elvira Auto Body. Therefore, since 20 C.F.R. § 656.30 (1987) provides that labor certifications are valid indefinitely unless invalidated by the Service, a consular officer, or a court for fraud or willful misrepresentation of material fact involving the labor certification application, we must conclude that May 17, 1983, is the proper filing date of the petition. Because the job opportunity offered by the petitioner is the same as that offered by Elvira Auto Body, it is incumbent upon the petitioner to establish that the wage offer could have been met when the application for a labor certification was accepted for processing by the Department of Labor. Presumably, Elvira Auto Body was no longer in a position to meet the proffered wage at the time of its dissolution. The petitioner's inability or refusal to resolve these doubts causes us to find that the benefit may not be accorded.

Additionally, the representations made by the petitioner concerning the relationship between Elvira Auto Body and itself are issues which have not been resolved. In order to determine whether the petitioner was a true successor to Elvira Auto Body, counsel was instructed on appeal to fully explain the manner by which the petitioner took over the business of Elvira Auto Body and to provide the Service with a copy of the contract or agreement between the two entities; however, no response was submitted. If the petitioner's claim of having assumed all of Elvira Auto Body's rights, duties, obligations, etc., is found to be untrue, then grounds would exist for invalidation of the labor certification under 20 C.F.R. § 656.30 (1987). Conversely, if the claim is found to be true, and it is

determined that an actual successorship exists, the petition could be approved if eligibility is otherwise shown, including ability of the predecessor enterprise to have paid the certified wage at the time of filing.

We conclude that the petitioner has failed to establish that the wage offer could have been met at the time the application for a labor certification was accepted for processing by the Department of Labor. Furthermore, the petitioner's failure to adequately describe the transfer of business from Elvira Auto Body to Dial Auto Repair causes us to find that the beneficiary is not clearly entitled to sixth-preference classification on the basis of this petition. The appeal must therefore be dismissed.

**ORDER:** The appeal is dismissed.